UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DASHAWN DUVIVIER,

        Plaintiff,

v.

        Case No. 3:22-cv-396-MMH-MCR

FLORIDA STATE PRISON,
et al.,

        Defendants.

## ORDER

Plaintiff Dashawn Duvivier, an inmate of the Florida penal system, initiated this action on April 1, 2022, by filing a pro se Complaint (Doc. 1) that he failed to sign.[1] In the Complaint, Duvivier names Florida State Prison (FSP), Dr. Collins, the food services Director, and the medical department as the Defendants. He asserts that the food services department served him beans and soybean products that damaged his skin despite his grievances and sick call requests that noted his allergic reactions. He maintains that the medical department denied him proper medical care for his damaged skin. As relief, he asks for $50,000 and a transfer to another institution.

---

[1] For all referenced documents, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[2] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails

---

[2] Duvivier has neither paid the filing fee nor filed an application to proceed as a pauper. As such, for purposes of the Court's required screening, the Court will assume Duvivier intends to proceed as a pauper.

to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.³ Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

---

³ "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal

4

quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

5

Plaintiff's Complaint is due to be dismissed pursuant to this Court's screening obligation. Preliminarily, the Court observes that FSP is not a legal entity amenable to suit. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015); accord Mellen v. Florida, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014). Because FSP is not a legal entity amenable to suit, Duvivier fails to state a § 1983 claim upon which relief may be granted against the correctional institution. Additionally, the institution's medical department is not a "person" amenable to suit under § 1983. See Hix v. Tennessee Dep't of Corr., 196 F. App'x 350, 355-56 (6th Cir. 2006).

Next, Duvivier alleges that Defendants Collins and the medical department violated the Eighth Amendment when they denied him proper medical care for his damaged skin. Pursuant to the Eighth Amendment of the United States Constitution, "Excessive bail shall not be required, nor excessive

6

fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). The Eleventh Circuit has explained:

> Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. Id.[4] The challenged condition must be extreme and must pose an unreasonable risk of serious damage to the prisoner's future health or safety. Id. The Eighth Amendment guarantees that prisoners are provided with a minimal civilized level of life's basic necessities. Id.
>
> Under the subjective component, a prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. Id. This means the prisoner must show that the prison officials: (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and

---

[4] Chandler, 379 F.3d at 1289.

7

> (3) displayed conduct that is more than mere negligence. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

Oliver v. Fuhrman, 739 F. App'x 968, 969-70 (11th Cir. 2018). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The Eleventh Circuit has explained:

> To prevail on a deliberate indifference claim, [a plaintiff] must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). To establish deliberate indifference, [a plaintiff] must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010) (alteration in original). The defendants must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and then actually draw that inference. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotation omitted).

8

Easley v. Dep't of Corr., 590 F. App'x 860, 868 (11th Cir. 2014). "For medical treatment to rise to the level of a constitutional violation, the care must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Nimmons v. Aviles, 409 F. App'x 295, 297 (11th Cir. 2011) (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Grossly incompetent or inadequate care can constitute deliberate indifference, . . . as can a doctor's decision to take an easier and less efficacious course of treatment" or fail to respond to a known medical problem).

However, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham, 654 F.3d at 1176 (quotation marks and citation omitted). Moreover, the Eleventh Circuit has noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own

9

professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted). In sum, the Eleventh Circuit has stated:

> A prisoner bringing a deliberate-indifference claim has a steep hill to climb. We have held, for instance, that the Constitution doesn't require that the medical care provided to prisoners be "perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quotation omitted).[5] Rather, "[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. at 1505 (quotation omitted). We have also emphasized—as have our sister circuits—that "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment." Id.; accord, e.g., Lamb v. Norwood, 899 F.3d 1159, 1162 (10th Cir. 2018) ("We have consistently held that prison officials do not act with deliberate indifference when they provide

---

[5] Harris, 941 F.2d at 1504.

10

> medical treatment even if it is subpar or different from what the inmate wants."); Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (en banc) ("[The Eighth Amendment] does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing.").

Keohane, 952 F.3d at 1266.

Here, Duvivier has not presented sufficient allegations to support a claim for an Eighth Amendment violation. His medical claim lacks specific facts that would allow the Court to draw a reasonable inference that Collins and the medical department were deliberately indifferent to a serious medical need. He generally accuses Defendants of failing to provide "the right medical attention as 'needed'" and giving him creams that did not heal his damaged skin. Complaint at 5. However, he does not specify what each Defendant in the medical department individually did or failed to do that caused his skin to worsen. Nor does Duvivier state what treatment was withheld from him or why any such treatment was "needed" or "proper." Absent such facts, the Court cannot infer that Defendants' conduct amounted to anything more than a disagreement in medical opinion or simple negligence. See Adams, 61 F.3d at 1545.

Moreover, as to Duvivier's interest in addressing any ongoing violations at the hands of medical and/or food services personnel, he may seek such relief

11

by initiating a grievance pursuant to the prison's administrative grievance procedures. Although the grievance process does not permit an award of money damages, the grievance tribunal has the authority to take responsive action. As an additional measure to provide Duvivier with potential guidance, he may contact his classification officer to inquire about any concerns he may have about access to sick call and/or physicians, including specialists, to evaluate his medical condition and determine if he needs any remedial skin treatments.

In light of the foregoing, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Duvivier's right to refile his claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If he elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $402.00 filing fee (if he does not desire to proceed as a pauper). Finally, he must sign his name on the forms.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of April, 2022.

*[signature: Marcia Morales Howard]*
MARCIA MORALES HOWARD
United States District Judge

Jax-1 4/14
c:
Dashawn Duvivier, FDOC # J53341